# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NECIA MABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-03268-CV-S-FJG |
| | ) | |
| GOLDEN LIVING CENTER-BRANSOM, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court is Plaintiff's Motion for Remand (Doc. No. 5). This motion will be considered below.

### I. BACKGROUND

Plaintiff filed her petition in the 38th Judicial Circuit Court in Taney County, Missouri on July 23, 2007 against defendants Golden Living Center (GLC), her former employer, Trish Peters, her supervisor, and a GLC employee known as "Terry." (Doc. No. 2-3). Plaintiff alleges the following in her petition: (1) negligent supervision and negligent retention against defendant GLC, her former employer, (2) assault and battery against defendants Terry and GLC, and (3) negligent infliction of emotional distress against all defendants. In plaintiff's first and second causes of action, plaintiff asserts that defendant GLC is liable for negligent supervision and negligent retention for failing to fully investigate her sexual harassment claim and by threatening plaintiff with termination if she filed a police report regarding the sexual assault allegedly committed by defendant Terry. As to the third and fourth causes of action, plaintiff asserts that defendant GLC, as Terry's employer, is

vicariously liable for the assault and battery allegedly committed by defendant Terry. The final fifth cause of action alleges negligent infliction of emotional distress against all defendants. Plaintiff specifically alleges that defendant Peters added to plaintiff's emotional distress by delegating her job to plaintiff and then forcing her to resign, which caused her successive anxiety attacks and stomach ulcers. In support of her negligent infliction of emotional distress, plaintiff also asserted that "[d]efendant Peters, and other supervisors, violated the Family Medical Leave Act (FMLA) by denying plaintiff time off work for two days, based on a medical doctor's recommendation."

Defendants subsequently removed this action from state court to federal court on August 21, 2007 based on federal question jurisdiction (Doc. No. 1). Plaintiff then filed her Motion to Remand on August 31, 2007 (Doc. No. 5).

## II. STANDARD

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2, 2005 U.S. Dist. LEXIS 30028, *7 (D. Neb. Oct. 11,

2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

## III. DISCUSSION

The instant case was removed by defendants on the basis that this Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1332 because one or more of plaintiff's claims arise "under the Constitution, laws and treaties of the United States." (Doc. No. 1). Plaintiff opposes removal of this case and argues this case should be remanded because (1) removal is defective and (2) jurisdiction does not exist under either diversity or federal question jurisdiction. First, plaintiff argues removal is barred where not all defendants have agreed to removal. Plaintiff states that the third defendant, "Terry," has not yet been served because defendant GLC refuses to give the employee's last name or address to plaintiff. Since the notice of removal is not unanimous, plaintiff argues removal of this case fails on this ground.

Second, plaintiff argues that neither diversity or federal question jurisdiction exist. Plaintiff asserts that since both plaintiff and defendant are citizens of Missouri, diversity jurisdiction does not exist. Plaintiff also contends no federal question is presented by plaintiff's complaint, thus federal question jurisdiction does not exist. Although plaintiff admits that she mentions an FMLA violation briefly in her petition, plaintiff states that she only alleges the FMLA violation in support of the tort of negligent infliction of emotional distress. Plaintiff also notes that most of her claims are based on state law not federal law.

Defendants respond that they have not refused to provide any information to plaintiff. Defendants argue that under the applicable case law, only defendants who have been served prior to removal are required to join in the removal petition. Roberts v. Palmer, 354 F. Supp. 2d 1041, 1044 (E.D. Mo. 2005). Thus, defendants argue that the consent of

3

unserved defendants need not be obtained to effectuate removal. In this case, defendants state that Terry was not served in the state action and that all defendants who have been served have joined in the removal.

Defendants agree that diversity jurisdiction does not exist. However, they disagree that no federal question jurisdiction exists. Since plaintiff states in her complaint that defendant Peters violated the FMLA, defendants argue this statement is sufficient to invoke federal question jurisdiction.

Plaintiff replies that even if her complaint asserts a federal claim under the FMLA, federal courts do not have exclusive jurisdiction over FMLA violations and that state courts may hear such claims as well. Plaintiff also notes that the FMLA statement in plaintiff's complaint is not a separate count and is only in support of plaintiff's negligent infliction of emotional distress claim. Plaintiff asserts that her state law claims predominate over any asserted federal claims. Further, plaintiff states that the reason defendant Terry has not been served is because defendants still have not provided plaintiff with Terry's full name.

The Court will first address whether removal is barred because defendant "Terry" did not join in the removal petition. The Court rejects plaintiff's claim that removal is improper because all defendants did not join in the notice of removal. Ordinarily all defendants must join in a notice of removal or the case will be remanded. Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 755 n.2 (8th Cir. 2001)(citing Chi., Rock Island & Pac. Ry. Martin, 178 U.S. 245, 251, 20 S. Ct. 854, 44 L. Ed. 1055 (1900)). However, the removal petition is effective if the defendants who did not join were not served in the state proceeding. Both parties admit in this case that defendant "Terry" has not been served in the state proceeding; thus the removal petition is proper.

Next, the Court will address whether federal question jurisdiction exists on the face of plaintiff's well-pleaded complaint. Removal of a state court action without regard to citizenship of the parties is appropriate if the suit could have been brought in federal district court, as "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). This type of federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. M. Nahas & Co. v. First National Bank of Hot Springs, 930 F.2d 608, 611 (8th Cir. 1991). A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Lundeen v. Canadian Pac. Ry. Co., 447 F.3d 606, 611 (8th Cir. 2006)(quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). Under the "well-pleaded complaint" doctrine, the plaintiff is the master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law. Id., (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987)). "When plaintiff's action is properly brought under state law, the defendant is not entitled to remove simply because federal law or principles of federal preemption will provide a defense, even a complete defense, to plaintiff's state law claims." M. Nahas, 930 F.2d at 612 (citing Gully v. First National Bank, 299 U.S. 109, 81 L. Ed. 70, 57 S. Cut. 96 (1936); First National Bank of Aberdeen v. Aberdeen National Bank, 627 F.2d 843 (8th Cir. 1980).

However, the well-pleaded complaint rule creates an exception to this rule, allowing removal where (1) federal law completely preempts a plaintiff's state-law claim, Gaming

5

Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996); or (2) an issue of federal law is a necessary and a central element of plaintiff's state law claims, Bellido-Sullivan v. American Int'l. Group, Inc., 123 F. Supp.2d 161, 164 (S.D.N.Y. 2000). "A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." 1A Moore's Federal Practice para. 0.16[3.-3], at p. 234 (1990 ed.). The complete preemption exception is limited to federal statutes that "so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal." M. Nahas, 930 F.2d at 612 (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987); see also Caterpillar, 482 U.S. at 393 (stating that the complete preemption doctrine converts an ordinary state law claim into a federal claim where the "preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'")

Defendants asserts that the following language stated in plaintiff's negligent infliction of emotional distress claim alleges a federal question:

> Defendant GLC is vicariously liable under respondeat superior for the actions of its employees. Specifically, GLC employees Peters added to this emotion distress by delegating her job to the Plaintiff, and then later instigating a campaign of harassment in order to force the Plaintiff to resign. These acts were the proximate cause of several medical injuries sustained by the Plaintiff, including successive anxiety attacks, and stomach ulcers. Both medical conditions the Plaintiff suffered from were medically diagnosed. Plaintiff further alleges Defendant Peters, and other supervisors, violated the Federal Family and Medical Leave Act by denying the Plaintiff time off work for 2 days, based on a medical doctor's recommendation. Peters also threatened Plaintiff with termination if she attempted to do what Federal law expressly allowed her to do. Further stress was caused by Defendant GLC's

retention of Defendant Terry.

The Court finds that the complete preemption exception does not apply to this case. Congressional intent is the "ultimate touchstone" guiding preemption analysis. Lundeen, 447 F.3d at 611(citing Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45, 107 S. Ct. 1549, 95 L. Ed. 2d 39 (1987)). "If the statute contains an express preemption clause, then the statutory construction should center on its plain meaning as the best evidence of Congress's preemptive intent." Peters v. Union Pac. R.R., 80 F.3d 257, 261 (8th Cir. 1996). No provision of the FMLA, however, "evinces an intent by Congress that lawsuits based on wrongful termination for taking leaves of absence should be the exclusive province of the federal courts." Bellido-Sullivan, 123 F. Supp.2d at 165. In fact, the plain language of § 2651(b) provides: "Nothing in this Act...shall be construed to supercede any provision of any State or local law that provides greater family or medical leave rights than the rights established by this Act." Although the Eighth Circuit has not addressed the issue of whether the plain language of the FMLA completely preempts state law, other courts have addressed the issue. See Wulfekuhle v. Planned Parenthood of Greater Iowa, Inc., 2003 U.S. Dist. LEXIS 3743, *4-5 (D. Iowa February 10, 2003); Bellido, 123 F. Supp.2d at 164-67 (holding that FMLA does not completely preempt state law); Findlay v. PHE, Inc., 1999 U.S. Dist. LEXIS 9760 at 6, 1997 WL 1939246, at *3 (M.D.N.C. 1999)(same); and Danfelt v. Board of County Comm'rs of Washington County, 998 F. Supp. 606, 611 (D. Md. 1998)(same).[1] Further, the Supreme Court has identified only three federal statutes in

---

[1]The Court acknowledges that some courts have held that the FMLA precludes state common law claims. See Cavin v. Honda of America Mfg., Inc., 138 F. Supp. 2d 987 (S.D. Ohio 2001); Phelan v. Town of Derry, 1998 U.S. Dist. LEXIS 23075, 1998 WL 1285898 (D. N.H. 1998); Gearhart v. Sears, Roebuck & Co., 27 F. Supp. 2d 1263, 1278

7

which complete preemption is applicable–the Labor Management Relations Act, the Employee Retirement Income Security Act, and the National Bank Act. See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6-10, 123 S. Ct. 2058, 156 L. Ed. 2d. 1 (2003).

The Court next considers whether the FMLA is a "necessary and central" element of plaintiff's cause of action. Wulfekuhle, 2003 U.S. Dist. LEXIS at *4-5; Bellido-Sullivan, 123 F. Supp.2d at 164. Plaintiff alleges a negligent infliction of emotional distress claim in her petition and states an FMLA violation in support of this claim. The Court finds that plaintiff's FMLA claim is not a "necessary and central" element of plaintiff's cause of action. First, the only reference to any federal claim in plaintiff's petition is the reference to an FMLA violation in support of her negligent infliction of emotional distress claim. Further, plaintiff does not list the FMLA claim as a separate cause of action in the petition. In fact, most of plaintiff's claims are state law claims and those claims will predominate over the FMLA claims. Second, the FMLA violation is not the only allegation that plaintiff offers in support of her negligent infliction of emotional distress claim. Plaintiff also offers harassment allegations in support of her emotional distress claim. Therefore, the Court finds that remand is appropriate in this case.

## IV. CONCLUSION

---

(D. Kan. 1998); Vargo-Adams v. United States Postal Service; 992 F. Supp. 939, 944 (N.D. Ohio 1998). However, none of these decisions involve removal based on the FMLA.

8

Accordingly, for the above stated reasons, Plaintiff's Motion for Remand is hereby **GRANTED** (Doc. No. 5).

**IT IS SO ORDERED.**


Date: 11/6/07                                                **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                         Fernando J. Gaitan, Jr.
                                                              Chief United States District Judge

9